IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.: 11-cv-01512-RBJ-KLM

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,

Plaintiff,

v.

MORELAND AUTO GROUP, LLLP,
KIDS' FINANCIAL, INC., d/b/a C.A.R. FINANCE,
KIDS' AUTOMOTIVE, INC., and
BRANDON FINANCIAL, INC.

Defendants.

**STIPULATED PROTECTIVE ORDER**

This matter comes before the Court on the parties' Joint Motion for Entry of Stipulated Protective Order (Motion), filed on February 6, 2012 [Doc. 21]. The Court has reviewed the Motion. The parties have ~~shown good cause in support of~~ requested the entry of a protective order to protect the discovery and dissemination of confidential information. Therefore, IT IS ORDERED:

1. This Protective Order shall apply to all documents, materials, and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure.

2. As used in this Protective Order, "document" is defined as provided in Fed.R.Civ.P. 34(a). A draft or non-identical copy is a separate document within the

1

meaning of this term.

3.   Information designated "CONFIDENTIAL" shall be information that implicates common law and statutory privacy and/or confidentiality interests such as: (a) personnel records of current or former employees of Defendants, including but not limited to the personnel files of Lucille Fancher (FAN0001-0301), Philip Harris (FAN00606-00668), and Cheryl Brooks (FAN00669-01129), which have already been produced; (b) Defendants' trade secrets, commercial, insurance, or financial information (c) Lucille Fancher's financial and tax records.  CONFIDENTIAL information shall not be disclosed or used for any purpose except for the preparation and trial of this case.

4.   CONFIDENTIAL documents, materials, and/or information (collectively, "CONFIDENTIAL information") shall not, without the consent of the party producing it or further Order of the Court, be disclosed *except that* such information may be disclosed to:

(a)   attorneys actively working on this case;

(b)   persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case;

(c)   the parties, including the designated representatives for Defendants;

(d)   expert witnesses and consultants retained in connection with this proceeding, but only to the extent that such disclosure is necessary for preparation, trial or other proceedings in this case;

(e)   deponents, witnesses, or potential witnesses, but only to the extent that such disclosure is necessary for preparation, trial or other proceedings in

this case;

(f) the Court and its employees ("Court Personnel");

(g) stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action; and

(h) other persons by written agreement of the parties.

5. Prior to disclosing any CONFIDENTIAL information to any person listed above (other than counsel, persons employed by counsel, Court Personnel, deponents, and stenographic reporters), counsel shall provide such person with a copy of this Protective Order, explain the person's obligations under the Protective Order, and obtain the person's agreement to comply with the Protective Order.

6. Documents are designated as CONFIDENTIAL by placing or affixing on them (in a manner that will not interfere with their legibility) the following or other appropriate notice: "CONFIDENTIAL."

7. Before any information is designated "CONFIDENTIAL," counsel of record for the designating party must first review the information and make a determination, in good faith, that the documents and/or information are confidential or otherwise entitled to protection under Fed.R.Civ.P. 26(c).

8. Whenever a deposition involves the disclosure of CONFIDENTIAL information, the deposition or portions thereof shall be designated as CONFIDENTIAL and shall be subject to the provisions of this Protective Order. Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as CONFIDENTIAL after transcription, provided written notice of the designation is promptly given to all counsel of record within thirty

(30) calendar days after notice by the court reporter of the completion of the transcript.

9.   A party may object to the designation of particular CONFIDENTIAL information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made.  If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as CONFIDENTIAL to file an appropriate motion, within thirty (30) calendar days after the time the notice is received, requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order.  If such a motion is timely filed, the disputed information shall be treated as CONFIDENTIAL under the terms of this Protective Order until the Court rules on the motion.  If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL and shall not thereafter be treated as CONFIDENTIAL in accordance with this Protective Order.  In connection with a motion filed under this provision, the party designating the information as CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL.

11.  This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

ORDERED this ___7th___ day of February, 2012.

BY THE COURT:

_____
United States District Judge
Magistrate

4

APPROVED AS TO FORM:


/s/ *D. Andrew Winston*

Senior Trial Attorney
U.S. EQUAL EMPLOYMENT
 OPPORTUNITY COMMISSION
Denver Field Office
303 East 17th Avenue, Suite 410
Denver, CO   80203
Telephone:  303.866.1361
E-Mail:  andrew.winston@eeoc.gov

Attorney for Plaintiff


/s/ *Timothy L. Nemechek*

NEMECHEK & MAGRUDER, LLC
50 South Steele Street, Suite 755
Denver, CO 80209
Telephone:  303.414.2203
Facsimile:  303.414.2201
tnemechek@n-mlegal.com

Attorneys for Defendants