## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No.:  11-cv-01512-RBJ-KLM

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,

                        Plaintiff,

            v.

MORELAND AUTO GROUP, LLLP,
KIDS' FINANCIAL, INC., d/b/a C.A.R. FINANCE,
KIDS' AUTOMOTIVE, INC.,  and
BRANDON FINANCIAL, INC.

                        Defendants.

---

## PLAINTIFF EEOC'S FIRST SET OF INTERROGATORIES, REQUESTS FOR PRODUCTION, AND REQUESTS FOR ADMISSIONS TO DEFENDANTS

---

Pursuant to Rules 26, 33, 34, and 36 of the Federal Rules of Civil Procedure, Plaintiff Equal Employment Opportunity Commission (EEOC) requests that Defendants answer the following interrogatories and requests for admissions and produce the documents requested below.  Such production is due within thirty-three (33) days of service at the EEOC's offices, 303 East 17th Avenue, Suite 410, Denver, Colorado 80203-9634, or at such other time and place mutually agreed to by the parties.  **Please note that to the extent any of the information requested is available in electronic format, EEOC requests that production be by electronic means, consistent with the following:**

Exhibit 1

- **To the extent that responsive information was created or is maintained in database form, Defendants should produce such information either in Microsoft Excel or in a format readable by Microsoft Excel.**

- **To the extent that responsive information was created or is maintained in word processing format, Defendants should produce such information in its native Word, WordPerfect, or Rich Text Format.**

- **To the extent that responsive information was not created or maintained in database or word processing format, such information should be produced in PDF format with optical character recognition (OCR).**

## GENERAL INSTRUCTIONS

**No. 1.** When responding to requests for production of **documents**, please identify each **document** that is responsive to that particular request for production. **Documents** already produced need not be produced again provided the produced **document(s)** responsive to the request are identified by their Bates numbers as they were produced.

**No. 2.** If any **document** requested herein is no longer in **Defendants**' possession, custody, or control, and **Defendants** cannot obtain it, then provide:

a. an explanation of why the document is no longer in **Defendants**' possession, custody, or control;

b. the **document's** current location;

c. the title, length and type of **document** (*e.g.*, notes, reports, etc.);

d. the subject matter of the **document**, the author of the **document**, all recipients of the **document**, and a description of the contents of the **document**;

e. an explanation of **Defendants**' attempts to obtain the **document**;

f. if such **document** has been lost or destroyed, all facts and circumstances related to its loss or destruction, including, but not limited to, the reasons for loss or destruction, the date on which it was lost or destroyed, the **identity** of each **person** who participated in its loss or destruction, and all other **documents** related to its loss or destruction.

**No. 3.**  If **Defendants** claim that any information requested by any discovery request is a privileged matter or otherwise immune from discovery, **Defendants** should set forth fully in a privilege log, both the nature of the privilege being claimed and the facts upon which **Defendants** rely as the basis for their claim of privilege.  Pursuant to Fed.R.Civ.P. 26(b)(5) and applicable Local Rule, if any **communication(s)** or **document(s)** is(are) withheld under a claim of privilege or other immunity, please provide all the following information with respect to any such **communication** or **document**:

(a)     The date of the **communication** or **document**;

(b)     **Identify** the individuals to whom and from whom the **communication** was made, that is, the author and all recipients (including copy recipients) of any written **communication**, or the speaker and listeners of any verbal **communication**;

(c)     State the nature and substance of the **communication** or **document**, with sufficient particularity to enable the Court and the parties thereto to **identify** the **document**;

(d)     The privilege or immunity asserted and the basis therefor;

(e)     The **identity** of the person(s) who has (have) custody of, or control over, the **document** and each copy thereof;

(f)     The number of pages of the **document**;

(g)     Whether any non-privileged or non-protected matter is included in the **communication**  or **document**;

(h)     The basis on which any privilege or other immunity is claimed and the basis to show that any privilege or immunity has not been waived;

(i)     Whether any non-privileged or non-protected matter is included in the **document**;  and

(j)     A declaration of counsel stating that the **documents** are fairly and correctly described in the privilege log.[1]

**No. 4.**  When responding to the requests for production of **documents**, pursuant to the Federal Rules of Civil Procedure, please provide:

---

[1] *Tinley v. Poly-Triplex Technologies, Inc.*, 2008 WL 732590, *1 (D. Colo. March 18, 2008), *citing Barclaysamerican Corp. v. Kane*, 746 F.2d 653, 654 (10th Cir. 1984).

a.     **documents** that **Defendants** have in their possession, regardless of ownership;

b.     **documents** that **Defendants** do not currently have but to which **Defendants** have access or a right to copy; and

c.     **documents** held by a parent, subsidiary, affiliated, or other related entity.

**No. 5.**  All **documents** should be produced according to the following format restrictions:

(a) All electronically created **documents** shall be provided in their native format, such that they preserve embedded data and metadata except in instances where the native format would be unsearchable or otherwise unusable by the requesting party, in which case the **documents** should be converted to a text-searchable, electronic format which, to the extent possible, preserves the embedded data and metadata associated with the original.

(b) Where a **document** was not created electronically, **Defendants** shall produce it in a text-searchable, electronic format.

(c) Where a **document** was not created electronically but was converted to an electronic format by **Defendants**, **Defendants** shall provide the **document** in the converted electronic format, provided that nothing in this paragraph shall eliminate **Defendants**' duties under (b) of this subpart.

## GENERAL DEFINITIONS

**"Communication(s)"** means any oral, written, or unwritten utterance, notation, transmittal of information, or statement of any nature including, but not limited to, correspondence, conversations, dialogues, discussions, interviews, consultations, agreements, meetings, telephone conversations, representations, contacts, letters, e-mails, memoranda, reports, statements, negotiations, and other understandings between or among two or more **persons**.

**"Defendants**" as used herein and unless otherwise stated, refers to the named Defendants in this lawsuit, any of their parents, subsidiaries, successors, assigns, officers, owners, officers, shareholders, managers, experts, investigators, agents, or other **persons** acting on behalf of any of the Defendants.  Similarly, if any written discovery request is directed to any of the individual Defendants by name, for instance "Defendant Moreland Auto Group, LLLP," said named Defendant refers to the named Defendant, any of its parents, subsidiaries, successors, assigns, officers, owners, officers, shareholders, managers, experts, investigators, agents, or other persons acting on behalf of any of said Defendant.

**"Discipline" or "disciplinary action(s)"** refers to any action taken to put an employee on notice that certain conduct is inappropriate conduct or performance is inadequate.  Disciplinary action includes verbal warning or counseling, written warnings, suspensions, and terminations.

**"Document(s)"** is defined to be synonymous in meaning and equal in scope to the usage of the term in Fed.R.Civ.P. 34(a) and the definition of "writings and recordings" contained in Fed.R.Evid. 1001.  Specifically, and without limitation, "**document**" includes electronic messages, transcripts, records, statements, letters, notes, memoranda, reports, summaries, graphs, charts, recordings made in any media (*e.g.*, vinyl, tape, hard drive, etc.), any type of data compilation, including any and all forms of computer storage and/or retrieval, journals, and diaries.  The term specifically includes any altered or annotated copies of the foregoing.

**"External complaint(s)"** refers to any complaint filed with any governmental body, such as a local, state or federal agency.

**"Identity," "identities," or "identify"** means, without limitation:

      a.      when referring to a natural **person**, his or her full legal name, last known address, last known telephone number, last known e-mail address, social security number, date of birth, dates of employment with any of the **Defendants** or other entities in which William Douglas Moreland held or holds any amount of ownership interest, position(s) held during such employment, and if no longer so employed, the date of and reason for his or her separation from employment;

      b.      when referring to a business organization or entity, the full legal name, the form and nature of such organization or entity (*e.g.*, partnership, corporation, limited liability company, etc.), the name of the jurisdiction under whose laws it is organized, the address of its principal place of business (street address), and the type of business in which it was engaged (*e.g.*, wholesale and/or retail automobile sales, automobile purchase financing, automobile repair, etc.);  and

      c.      when referring to a **document**, its Bates number, or, if there is no Bates number, the date of the **document**, the **identities** of the author(s), addressee(s), and all recipients, and its subject matter.

**"Internal complaint(s)"** refers to any complaint, whether oral or written, which was made to any member of management of any of the **Defendants**.

**"*Moreland I*"** refers to *EEOC v. Moreland Auto Group, LLP, d/b/a Kids Automotive, Inc., Kids Financial, Inc., and Brandon Financial, Inc.*, Civil Action No. 06-cv-01903 EWN-KLM.

**"Person(s)"** means any individual or entity, including, without limitation, a firm, corporation, partnership, consortium, joint venture, commercial entity, or any

governmental agency, and includes its past and present subsidiaries, divisions, affiliates, predecessors, successors, and parents, however organized; and its past and present employees, officers, consultants, directors, staff, personnel, agents, representatives, legal counsel, accountants, and any person or entity acting on its or their behalf.

**"Personnel file"** shall include any and all records maintained either in the normal course of business or for any special purpose with respect to the application, course of employment, and termination of any employee of any of the **Defendants**, and specifically includes applications for employment, **discipline**, performance evaluations, **internal** or **external complaints**, awards, employment histories or summaries, records of residential addresses and telephone numbers, termination notices, job assignment or classification records, training records, promotion or **transfer** records, compensation and other similar records, **documents** relating to starting pay and any changes in rate of pay or salary; and forms relating to employee benefits, including but not limited to, any **documents**, records, memoranda, notes, or computer printouts which were part of an employee's personnel file at any time. The term also includes any and all **documents** not specifically included in the "personnel file" as maintained by any of the **Defendants**, but all files maintained by an individual in human resources or any supervisor or manager regarding the individual. "**Personnel file**" includes files for individuals who may be working as independent contractors or other individuals who work at any of the **Defendants**' worksites but who may be employed by other entities. For purposes of this request, "**personnel file**" need not include records of medical benefits, condition, or claims or designations of, or changes in, beneficiary.

**"Transfer(s)" or "transferred"** refers to a natural **person's** employment moving or changing from one automotive industry-related entity in which William Douglas Moreland held or holds any amount of ownership interest to another such entity, with or without a break in time and with or without resigning, formally or informally, from one such entity and applying, formally or informally, with the next such entity.

**NOTE:** To bring within the scope of these discovery requests any and all conceivably relevant and responsive matters or documents that otherwise might be construed to be outside their scope:

     a.    The singular of each word shall be construed to include its plural and vice versa;

     b.    "And," as well as "or," shall be construed conjunctively as well as disjunctively;

     c.    The present tense shall be construed to include the past tense and vice versa; and

     d.    The masculine shall be construed to include the feminine and vice versa.

## INTERROGATORIES

1.      **Identify** each **person(s)** who answered or assisted in providing information or answers to EEOC's written discovery requests to the **Defendants**.

2.      Paragraph 34 of the Answer and Jury Demand [Doc. 8, p. 6], states:

> Defendants admit that some management services are provided to each of the dealerships by one company.  However, the services differ for each dealership.  Defendants deny the remaining allegations in paragraph 34 of Plaintiff's Complaint.

State all of the material or principal facts supporting paragraph 34 of **Defendants**' Answer and Jury Demand, including but not limited to the **identity** of the "one company," the **identity** of "the dealerships," and a description of the services the "one company" provides to each of "the dealerships."

3.      Paragraph 35 of the Answer and Jury Demand [Doc. 8, p. 6], states:

> Defendants Moreland Auto Group, LLLP, Kid's Financial Inc., d/b/a C.A.R. Finance, Kid's Automotive, Inc., and Brandon Financial, Inc. admit that Mr. Harris was finance director for dealerships owned by Doug Moreland, prior to the sale to Lithia.  Defendants deny the remaining allegations in paragraph 35 of Plaintiff's and Complaint [*sic*].

State all of the material or principal facts supporting paragraph 35 of **Defendants**' Answer and Jury Demand, including but not limited to the **identity** of the entity with which Mr. Harris was employed when he was Finance Director, the **identity** of the "dealerships owned by Doug Moreland" for which Mr. Harris was Finance Director, the date(s) of the sale to Lithia, and the **identity** of the entities sold to Lithia.

4.      Paragraph 40 of the Answer and Jury Demand [Doc. 8, p. 7], states:

> Defendants Moreland Auto Group, LLLP, Kid's Financial Inc., d/b/a C.A.R. Finance, Kid's Automotive, Inc., and Brandon Financial, Inc. admit that Doug Moreland has had discussions with the employees at various stores **and** then involved [*sic*] in personnel matters.  Defendants deny meaning allegations [*sic*] of paragraph 40 of Plaintiff's Complaint.

(Emphasis in original.)  State all of the material or principal facts supporting paragraph 40 of **Defendants**' Answer and Jury Demand, including but not limited to the date(s) when each such discussion occurred, the **identity** of the store where each such discussion occurred, the subject(s) of each such discussion, the **identities** of the employees with whom Mr. Moreland had each such discussion, the date of each such personnel matter in which Mr. Moreland was involved, and a description of each such personnel matter, including but not limited to the **identity** of the **person(s)** who

was(were) the subject(s) of each such personnel matter, the nature of the personnel matter (*e.g.*, compensation, hiring, **discipline**, demotion, **transfer**, firing, etc.), and a description of Mr. Moreland's involvement in each such personnel matter.

5.      State all material or principal facts upon which **Defendants** intend to rely at trial supporting **Defendants**' Third, Eighth, Thirteenth, Fourteenth, Fifteenth, Twenty-First, Twenty-Second, and Twenty-Fourth Affirmative Defenses [Doc. 8, pp. 14-17].

6.      **Identify** all automotive industry-related entities in existence and/or conducting business in Colorado (including but not limited to wholesale and retail car dealerships and automobile financing entities) in which William Douglas Moreland held any amount of ownership interest on June 3, 2008, and include for each such entity its total number of employees on that day.

7.      For each entity identified in response to EEOC Interrogatory No. 6, **identify** each of the owners of the entity (indicating type of ownership, *e.g.*, partner, shareholder, manager, etc., and the number of shares held and/or percentage of ownership interest) on June 3, 2008, and the entity's directors and officers on that day.

8.      For each entity identified in response to EEOC Interrogatory No. 6, **identify** the **person(s)** who provided accounting services, including but not limited to book-keeping and tax preparation, on June 3, 2008.

9.      For each entity indentified in response to EEOC's Interrogatory No. 6, **identify** the **person(s)** who provided payroll services on June 3, 2008.

10.      For each entity identified in response to EEOC Interrogatory No. 6, **identify** the **person(s)** who provided benefits administration services, including but not limited to retirement and insurance plans, on June 3, 2008.

11.      For each entity identified in response to EEOC Interrogatory No. 6, **identify** the **person(s)** who provided labor and employment relations and/or human resources services on June 3, 2008.

12.      For each entity identified in response to EEOC Interrogatory No. 6, **identify** the **person(s)** who provided any management services on June 3, 2008, and describe what management services each such **person** provided.

13.      For each entity identified in response to EEOC Interrogatory No. 6, **identify** the **person(s)** who provided its telephone and internet services on June 3, 2008.

14.      For each entity identified in response to EEOC's Interrogatory No. 6, **identify** the **person(s)** who provided office equipment sales and/or repair services on June 3, 2008.

15.      For each entity identified in response to EEOC Interrogatory No. 6, **identify** the **person(s)** who provided its insurance coverage, including but not limited to health,

business, and property insurance, in effect on June 3, 2008.

16.     For each entity identified in response to EEOC Interrogatory No. 6, **identify** the **person(s)** terminated at any time during calendar year 2008.  Include the date of and reason(s) for each such **person's** termination, and **identify** the **person(s)** who had any involvement in the termination, *e.g.*, the **person(s)** who recommended the termination, who was(were) consulted regarding the termination decision, who made the termination decision, who communicated the termination decision to the **person(s)** terminated, and who witnessed the termination decision being communicated to the **person(s)** terminated.

17.     **Identify** each **person** who was employed by any one of the entities identified in response to EEOC Interrogatory No. 6 and who **transferred** his or her employment to any of the other entities identified in response to EEOC Interrogatory No. 6. at any time from January 1, 1998, to the present.  Include the date(s) of the **transfer(s)** and the **identity** of the entity the **person** transferred from, and the **identity** of the entity the **person transferred** to.

## <u>REQUESTS FOR PRODUCTION</u>

1.     For each entity identified in response to EEOC Interrogatory No. 6, provide an organizational chart reflecting the organization of each entity on June 3, 2008.

2.     For each entity identified in response to EEOC Interrogatory No. 6, provide fully searchable, electronic copies of its articles of incorporation, articles of organization, members agreement, partnership agreement, or any other organizational **documents**, including all revisions and amendments.

3.     For each entity identified in response to EEOC Interrogatory No. 6, provide fully searchable, electronic copies of all corporate minutes, notes, and records from January 1, 2007, to the present.

4.     For each entity identified in response to EEOC Interrogatory No. 6, provide a fully searchable, electronic copy of the employee manual and/or handbook in effect on June 3, 2008.

5.     For each entity identified in response to EEOC Interrogatory No. 6, provide fully searchable, electronic copies of its health insurance benefits policy in effect on June 3, 2008.

6.     For each entity identified in response to EEOC Interrogatory No. 6, provide fully searchable, electronic copies of business and/or property insurance policy or policies in effect on June 3, 2008.

7.     For each entity identified in response to EEOC Interrogatory No. 6, provide fully

searchable, electronic copies of **documents** reflecting each entity's gross income and net worth (*e.g.*, federal tax returns, audited profit-and-loss statements, audited financial statements, etc.) from calendar year 2008 to the present.

8.     Provide a fully searchable, electronic, and complete copy of Cheryl or Sheryl Brooks' **personnel file**.

9.     Provide a fully searchable, electronic, and complete copy of Phil Harris' **personnel file**.

10.     Provide a fully searchable, electronic, and complete copy of Gary Campbell's **personnel file**.

11.     Provide a fully searchable, electronic, and complete copy of Jim Malatere's **personnel file**.

12.     Provide a fully searchable, electronic, and complete copy of Bob York's **personnel file**.

13.     Provide fully searchable, electronic copies of all **communications** and **documents** regarding, concerning, and/or relating to Lucille Fancher from January 1, 2007, to the present, other than those already provided to EEOC in this lawsuit or in ***Moreland I***.

## REQUESTS FOR ADMISSIONS

1.     Admit that Cheryl or Sheryl Brooks did not receive a portion of the monetary settlement in ***Moreland I***.

Dated:  November 29, 2011.

Respectfully Submitted,


RITA BYRNES KITTLE
Supervisory Trial Attorney
Telephone:  303.866.1347
E-Mail:  rita.kittle@eeoc.gov


/s/ D. Andrew Winston

Senior Trial Attorney
Telephone:  303.866.1361
E-Mail:  andrew.winston@eeoc.gov

SEAN RATLIFF
Trial Attorney
Telephone:  303.866.1370
E-Mail:  sean.ratliff@eeoc.gov

U.S. EQUAL EMPLOYMENT
  OPPORTUNITY COMMISSION
Denver Field Office
303 East 17th Avenue, Suite 410
Denver, CO   80203
Facsimile:  303.866.1375

Attorneys for Plaintiff EEOC

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing was served upon the following by the method(s) indicated below on November 29, 2011:


Timothy L. Nemechek, Esq.                [X]  By Facsimile
NEMECHEK & MAGRUDER, LLC              [  ] By U.S. Mail - certified
50 South Steele Street, Suite 755            [  ] By Hand Delivery
Denver, CO 80209                               [  ] By Overnight Courier
Telephone:  303.414.2203                     [X]  By Electronic Mail
Facsimile:  303.414.2201
tnemechek@n-mlegal.com

Attorneys for Defendants


                                                     /s/ D. Andrew Winston