IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable R. Brooke Jackson

Civil Action No. 11-cv-01512-RBJ-MJW

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,

      Plaintiff,

v.

MORELAND AUTO GROUP, LLLP,
KIDS' FINANCIAL, INC., d/b/a/ C.A.R. FINANCE,
KIDS' AUTOMOTIVE, INC., and
BRANDON FINANCIAL, INC.

      Defendants.

---

ORDER

---

This matter is before the Court on defendant Brandon Financial, Inc's Motion for Summary Judgment [#47], defendant Moreland Auto Group, LLLP's Motion for Summary Judgment [#49], and the Equal Employment Opportunity Commission's "Rule 56(d) Motion to Dismiss or Defer Judgment on Defendants' Motions for Summary Judgment." [#57]. The Motions are ripe for review.

**Facts and Procedural History**

This matter is a public enforcement action brought by the Equal Employment Opportunity Commission ("EEOC") under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to provide relief to Charging Party Lucille Fancher. Complaint [#1] at 1.

Ms. Fancher was employed by the defendants' alleged enterprise from approximately 1998 until she was terminated on June 3, 2008. *Id.* at ¶48. During her employment, Ms. Fancher

worked as a collector and in the legal department. *Id.* at ¶¶49-50.  In the course of her tenure Ms. Fancher received paychecks from Kids' Automotive, C.A.R. Finance, Brandon Financial, and J.D. Byrider. *Id.* ¶52.

The current case stems from an earlier EEOC action involving William Douglas Moreland and his associated companies.  On September 25, 2006 the EEOC filed claims in *Moreland I* alleging a sexually hostile work environment on behalf of two charging parties and a class of female employees that included Ms. Fancher. *Id.* at ¶¶53-54.  Ms. Fancher alleges that in January 2008 Mr. Timothy Nemecheck, the attorney representing the *Moreland I* defendants, and Philip Harris, a member of Kids' Financial's board of directors, had a meeting with Ms. Fancher where she was told that if she accepted settlement money as a result of the *Moreland I* lawsuit, she would no longer have a job. *Id.* at ¶¶55-56.  Mr. Harris also allegedly informed the EEOC that any employee who participated as a class member and received a settlement was "disloyal" and would lose their job with Moreland. *Id.* at ¶¶58-59.

A settlement agreement was reached in *Moreland I* in May 2008, and final settlement papers were due to be filed with the court on or before June 3, 2008. *Id.* at ¶¶60, 62.  On June 3, 2008 Ms. Fancher was terminated. *Id.* at ¶63.  Due to Ms. Fancher's termination, the settlement papers were not filed with the court. *Id.* at 64.  A final settlement was reached on August 22, 2008 which specifically excluded, and left unresolved, any claim arising out of Ms. Fancher's termination. *Id.* at ¶¶65-66.

On November 17, 2008 Ms. Fancher filed an EEOC charge alleging that she was terminated in retaliation for her opposition to discrimination and her participation in the prior EEOC charges. *Id.* at ¶71.  On September 13, 2010, following an investigation, the EEOC issued a determination finding reasonable cause that Ms. Fancher's allegations are true. *Id.* at

¶74. After an effort on behalf of the EEOC to resolve the matter with defendants through conciliation, the EEOC filed the present lawsuit on June 9, 2011. *Id.* at ¶¶ 75-79. The EEOC alleges that the defendants, as part of a single employer or integrated enterprise, "retaliated against Ms. Fancher by terminating her employment because she participated as a class member in the settlement of a prior EEOC enforcement action to correct unlawful employment practices consisting of a sexually hostile work environment and retaliation." *Id.* at 1.

On April 13, 2012 defendants Brandon Financial and Moreland Auto Group filed separate motions for summary judgment. [#47]; [#49]. The EEOC did not file responses to the motions for summary judgment but instead filed a Rule 56(d) Motion to Dismiss or Defer Judgment on the defendants' motions for summary judgment. [#57]. All defendants responded in a single Response [#59], and the EEOC file a Reply [#66].

**Conclusions**

At this time the Court will not rule on the substantive arguments in defendants' motions for summary judgment but instead will address the EEOC's motion to dismiss or defer [#59]. The EEOC argues that it cannot file a response to the defendants' respective motions for summary judgment, because the EEOC lacks sufficient evidence to demonstrate that an integrated enterprise exists. Defendants Moreland Auto Group and Brandon Financial both primarily base their motions for summary judgment on the argument that they are not an integrated enterprise with Kids' Financial or Kids' Automotive and never employed Ms. Fancher. The EEOC contends that it has attempted to access information regarding the structure of the various defendants in order to determine whether they do, in fact, constitute an integrated enterprise through written discovery requests and interrogatories. However, the EEOC contends

that the defendants have filed incomplete responses, objected to their questions, and refused to respond to their discovery requests.

As a result the parties have engaged in a series of protracted discovery disputes. To date the EEOC has filed four motions to compel discovery [#34, 43, 53, 62], and defendants have filed a motion for a protective order [#36]. These motions were referred to Magistrate Judge Watanabe and are as yet unresolved. The EEOC argues that without the information requested in their various discovery requests, they are unable to file a Response that addresses defendants' arguments.

Federal Rule of Civil Procedure 56(d) addresses situations such as this when a party argues facts are unavailable:

> If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order.

To defer a ruling on a summary judgment motion the nonmovant must explain why facts precluding summary judgment cannot be presented, including: "(1) the probable facts not available, (2) why those facts cannot be presented currently, (3) what steps have been taken to obtain these facts, and (4) how additional time will enable the party to obtain those facts and rebut the motion for summary judgment." *Valley Forge Ins., Co. v. Health Care Mgt. Partners, Ltd.,* 616 F.3d 1086, 1096 (10th Cir. 2010).[1]

In its motion, the EEOC lays out a number of facts that it does not have available to it but that it needs in order to file a Response. The facts identified deal with the EEOC's ability to analyze their argument under the Integrated Enterprise Test. [#57] at 9; 12-15. These facts

---

[1] The court in *Valley Forge* developed these factors under Rule 56(f). In December 2010 Rule 56(d) took effect and replaced Rule 56(f). Fed. R. Civ. P. 56(d), Committee Note to 2010 Amendments. Rule 56(f) case law has been applied to the now Rule 56(d). *See Shayestah v. Raty*, 2010 WL 5018263 at *3 (10th Cir. Dec. 9, 2010).

4

include information regarding the management services of various dealerships, the identity of dealerships owned by Mr. Moreland on the day Ms. Fancher was terminated, information about owners, directors, and officers, payroll information, benefits information, employee transfer records, and facts aimed at discovering the inter-relatedness of the different operations. *Id*. The EEOC also has not had the opportunity to conduct Rule 30(b)(6) depositions of the four named defendants. The EEOC argues that those facts cannot be obtained currently, because the defendants have refused to answer almost any written discovery request directed at the alleged integrated enterprise. The defendants contend that they have proper objections to those discovery requests, and that they have provided all discoverable information

The ongoing discovery dispute illustrates the steps that the EEOC has taken to obtain these facts. In an effort to gain the facts that they need to file an informed response, the EEOC has filed numerous discovery and interrogatory requests and four motions to compel to date. Such efforts appear to have been in good faith and made without undue delay.

An increase in time, the EEOC argues, would enable the EEOC to obtain the facts they need to rebut the motion for summary judgment. Additional time will, at least, allow for the resolution of the parties' respective discovery motions. The EEOC argues that additional time is the only way that it will be able to fully develop its argument on such a factually intensive inquiry.

The EEOC primarily requests that the Court "dismiss" the defendants' motion for summary judgment with prejudice. The EEOC argues that dismissal constitutes appropriate relief because (1) the defendants have engaged in obstructionist discovery practices, (2) fairness dictates dismissal, (3) simply delaying the briefing would result in moving the trial date, and (4)

delaying the EEOC's response will prejudice it by forcing it to prepare a response when it should be preparing for trial. [#57] at 17-18.

In response defendants argue that the EEOC has been provided with sufficient factual information. The defendants state they have provided the EEOC with several management deponents, and that the EEOC has access to depositions that were previously taken in the course of *Moreland I*. The defendants maintain that there is no additional information to be obtained from further written discovery. The information that the EEOC seeks in their Rule 30(b)(6) depositions, defendants argue, has already been elicited by other witnesses.

Despite these argument, defendants agree that the EEOC should be permitted a brief additional period of time to respond, allowing for the resolution of the discovery disputes. The Court therefore infers that the defendants only object to the "dismissal" of their motions for summary judgment, not to any deferred ruling.

Defendants' argument that the EEOC currently has sufficient facts is unavailing. There is obviously an ongoing discovery dispute. No matter the reason for the unanswered or incomplete discovery, proper or not, the fact remains that this issue is still unresolved and pending before the Magistrate Judge in the form of various motions to compel and protection orders.

If the Court "dismissed" the motions for summary judgment without prejudice, defendants would just re-file them once the present discovery dispute is resolved. The Court is not willing to deny defendants the right to pursue a summary judgment. If it turns out that the defendants has not been reasonable and forthcoming in response to legitimate discovery requests, then the magistrate judge or this Court can fashion appropriate sanctions, including the possibility of an attorney's fees award that could encompass the extra litigation over the dismissal of the summary judgment motion, that will adequately protect the plaintiff without

requiring the forfeiture of a right. Both parties seem to agree that deferring the EEOC's response until discovery matters are resolved is reasonable. It is unfortunate that resolution of this case has been held up over discovery issues.

**Order**

Therefore, the Court orders the following:

The EEOC's Rule 56(d) motion to dismiss or defer judgment [#57] is GRANTED. The Court will defer judgment on the pending motions for summary judgment until they are full briefed.

- The EEOC's response will be due 10 days after defendants' additional information is received, or 10 days after the denial of the EEOC's motions to compel.
- Defendants will have 7 days to file a reply.
- The trial date of July 23, 2012 remains unchanged.

DATED this 18th day of June, 2012.

BY THE COURT:

_____
R. Brooke Jackson
United States District Judge