IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-01512-RBJ-MJW

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,

Plaintiff(s),

v.

MORELAND AUTO GROUP, LLLP,
KIDS' FINANCIAL, INC. d/b/a C.A.R. FINANCE,
KIDS' AUTOMOTIVE, INC., and
BRANDON FINANCIAL, INC.,

Defendant(s).

---

**ORDER REGARDING:**

**(1) PLAINTIFF EEOC'S MOTION TO COMPEL DISCOVERY (DOCKET NO. 34),**

**(2) PLAINTIFF'S SECOND MOTION TO COMPEL DISCOVERY (DOCKET NO. 43),**

**(3) PLAINTIFF EEOC'S THIRD MOTION TO COMPEL DISCOVERY (DOCKET NO. 53),**

**(4) DEFENDANTS' MOTION FOR PROTECTIVE ORDER (DOCKET NO. 36),**

**AND**

**(5) PLAINTIFF EEOC'S FOURTH MOTION TO COMPEL DISCOVERY AND REQUEST FOR EXPEDITED RULING (DOCKET NO. 62)**

---

**Entered by Magistrate Judge Michael J. Watanabe**

This matter is before the court on (1) Plaintiff EEOC's Motion to Compel Discovery (docket no. 34), (2) Plaintiff EEOC's Second Motion to Compel Discovery (docket no. 43), (3) Plaintiff EEOC's Third Motion to Compel Discovery (docket no. 53), (4) Defendants' Motion for Protective Order (docket no. 36), and (5) Plaintiff EEOC's

2

Fourth Motion to Compel Discovery and Request for Expedited Ruling (docket no. 62). The court has reviewed the subject motions (docket nos. 34, 43, 53, 36, and 62), the responses (docket nos. 37, 41, 70, and 71), and the replies (docket nos. 72, 78). In addition, the court has taken judicial notice of the court's file and has considered applicable Federal Rules of Civil Procedure and case law. The court now being fully informed makes the following findings of fact, conclusions of law, and order.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

In Plaintiff EEOC's [hereinafter EEOC] Motion to Compel Discovery (docket no. 34), the EEOC seeks an Order from the court compelling Defendants to provide complete responses to Interrogatories Nos. 6, 7, and 9-17, inclusive, and Request for Production No. 7 on various other Moreland-owned entities that allegedly comprise a single employer/integrated enterprise. In essence, the EEOC seeks additional evidence supporting the existence of an integrated enterprise. For each Moreland-owned entity identified in response to Interrogatory No. 6, EEOC seeks information about the owners (and ownership amount/percentage), directors, and officers (Interrogatory No. 7); the payroll services provider(s) (Interrogatory No. 9); the benefits administration services provider(s) (Interrogatory No. 10); the labor and employment relations/human resources services provider(s) (Interrogatory No. 11); the management services provider(s) (Interrogatory No. 12); the telephone and internet services provider(s) (Interrogatory No. 13); the office equipment sales and/or repair services provider(s) (Interrogatory No. 14); the insurance coverage provider(s) (Interrogatory No. 15); the identities of any persons terminated from Moreland-owned entities in 2008, the year Fancher was terminated (Interrogatory No. 16); the identities of any persons who transferred their employment

3

from one Moreland-owned entity to another since 1998, the year Fancher's employment began (Interrogatory No. 17); and documentation of gross income and net worth from 2008 - the year Fancher was terminated - to present (Request for Production No. 7) [Ex. 2, pp. 8-10].

In Plaintiff EEOC's Second Motion to Compel Discovery (docket no. 43), EEOC seeks an Order from the court compelling Defendants to provide full and complete responses to Interrogatories Nos. 15, 16, 18, and 19.

In Plaintiff EEOC's Third Motion to Compel Discovery (docket no. 53), EEOC seeks an Order from this court compelling Defendants to provide complete responses to Interrogatory No. 25 and Requests for Production Nos. 22 and 23.  In addition, EEOC seeks an Order from this court declaring that EEOC"'s Requests for Admissions Nos. 22-25, inclusive, are deemed admitted.

In each of these EEOC motions to compel (docket no. 34, 43, and 53), the EEOC also seeks an award of its reasonable expenses incurred, including attorney fees.

In Defendants' Motion for Protective Order (docket no. 36), the Defendants seek a Protective Order pursuant to Fed. R. Civ. P. 26(c)(a)(D) from this Court limiting the scope of both written discovery as well as the depositions of designated representatives of Defendants pursuant to Fed. R. Civ. P. 30(b)(6), as follows:

> 1. The Court should limit both the written discovery to four named Defendants. There is no causal connection between Lucille Fancher's employment to any of the new car stores in which William Douglas Moreland has an ownership interest.  As such, the requested discovery is drastically overbroad and is not reasonably calculated to lead to the

4

discovery of admissible evidence.

2. The Court should limit the [sic] as well as the depositions to the four named Defendants as Lucille Fancher had no connection to any other entity. Further, more Defendants have already provided extensive deposition testimony as to all automotive companies in which Mr. Moreland had an ownership interest (before and after June 3, 2008).

3. The Court should also limit Plaintiff's requested discovery as it relates to financial information of the Defendants to C.A.R Finance.

4. In the alternative, if the Court is inclined to grant Plaintiff's Motion to Compel in part, it should limit the scope of inquiry to considering the information provided in the form of the written discovery responses, as well his deposition testimony

In Plaintiff EEOC's Fourth Motion to Compel Discovery and Request for Expedited Ruling (docket no. 62), the EEOC seeks an Order from this court directing Defendants to provide to the EECO full, complete, and non-evasive responses to EEOC's Requests for Production Nos. 1, 3, and 4 and reasonable expenses incurred in making this motion, including attorney fees, pursuant to Fed. R. Civ. P. 37(a)(5).

This is a public enforcement action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices consisting of retaliation for protected activity and to provide appropriate relief to Charging Party Lucille Fancher, who alleges she was adversely affected by such practices.  The EEOC alleges that Defendants - which constitute a single employer/integrated enterprise – retaliated against Ms. Fancher, a ten-year employee,

5

by terminating her employment on June 3, 2008, because she participated as a class member in the settlement of a prior EEOC enforcement action to correct unlawful employment practices consisting of a sexually hostile work environment and retaliation, titled *EEOC v. Moreland Auto Group, LLP, d/b/a Kids' Automotive, Inc., Kids' Financial, Inc., and Brandon Financial, Inc.*, 06-cv-01903-EWN-KLM (*Moreland I*).  The EEOC alleges that in January 2008, Ms. Fancher was told by a member of Defendants' management that if she received settlement money as a result of the *Moreland I* lawsuit, then she would no longer have a job.  The EEOC alleges that Defendants followed through on this threat by terminating Ms. Fancher on the same day that the *Moreland I* settlement documents were due in Court.  A co-worker who was eligible for but did not accept or receive money from the *Moreland I* settlement remained employed.

The integrated enterprise test is "intensively factual in nature," making it "important to have the benefit of a fully-developed record through discovery prior to resolving this issue" either by summary judgment or at trial.  <u>Gustovich v. St. Clair Hosp., Inc.</u>, 2008 WL 1840747, *1 (W.D. Pa. April 23, 2008); <u>see also</u> <u>Trevino v. Celanese Corp.</u>, 701 F.2d 397, 403-05 (5th Cir. 1983) (plaintiff alleging integrated business in complaint asserted valid legal theory and "should be accorded a full and fair opportunity to develop his case under this theory").

The integrated enterprise test asks whether two or more nominally separate entities should in fact be treated as one integrated enterprise.  See <u>Bristol v. Board of County Comm'rs of County of Clear Creek</u>, 312 F.3d 1213, 1218 (10th Cir. 2002).  This test weighs four factors: (1) interrelations of operations, (2) common management, (3) centralized control of labor relations, and (4) common ownership and financial control.

6

Id. at 1220; Knowlton v. Teltrust Phones, Inc., 189 F.3d 1177, 1184 (10th Cir. 1999). Courts generally consider the third factor - centralized control of labor relations - to be the most important factor. Bristol, 312 F.3d at 1218. All four factors, however, are not necessary for integrated enterprise status; rather, the heart of the inquiry is whether there is an absence of an arm's-length relationship among the companies. Knowlton, 189 F.3d at 1184.

When conducting discovery for purposes of acquiring evidence of an integrated enterprise, a party is not limited to information on the named defendants but rather can obtain discovery on non-party entities and aggregate their employees along with those of named defendants for purposes of establishing the proper damage cap. See Knowlton, 189 F.3d at 1180-85, 1187-88 (Title VII); Clawson v. Mountain Coal Co., LLC, 2007 WL 201253 (D. Colo. Jan. 24, 2007) (ADA). Moreover, information [discovery] regarding wealth and size of defendants in cases where plaintiff is seeking punitive damages is both relevant for purposes of assessing punitive damages and discoverable prior to trial. See Deters v. Equifax Credit Info. Svcs., Inc., 202 F.3d 1262, 1273 (10th Cir. 2000).

Here, I find that the responses and/or supplemental responses thus far provided to the EEOC by Defendants in response to the EEOC's discovery requests as outlined above in the EEOC's subject motions (docket nos. 34, 43, 53, and 62) are inadequate and incomplete. There is already a Protective Order (docket no. 26) that was previously entered on February 7, 2012, by Magistrate Judge Mix which will adequately protect the privacy interests of the parties. I also find that Defendants' arguments that the subject discovery requests in the EEOC's subject motions (docket nos. 34, 43, 53, and 62) are

7

overbroad, burdensome, oppressive, infringe on specific privacy interests, that the subject interrogatories seek multiple requests and discrete subparts, and that the discovery requests are not relevant are all without merit. I further find that Defendants' objection, if any, in the form of a "<u>general objection</u>" to document production based upon attorney-client privilege and the work product doctrine is waived. <u>See</u> <u>Cartel Asset Mgt. v. Ocwen Fin. Corp.</u>, 2010 WL 502721, at *22 (D. Colo. Feb. 8, 2010). It should be noted that Defendants deny asserting any objection based upon attorney-client privilege or work product doctrine. See paragraph A - General Objections on page 5 in Defendants' Response to Plaintiff's Second Motion to Compel (docket no. 70). Lastly, I find that the discovery requests as outlined above in the EEOC's subject motions (docket nos. 34, 43, 53, and 62) all seek relevant information, are reasonably calculated to learn to the discovery of admissible evidence at trial pursuant to Fed. R. Civ. P. 26(b)(1), and are discoverable except that Defendants' responses to Plaintiff EEOC's Interrogatories Nos. 18 and 19 shall be limited in scope consistent with Mr. Moreland's deposition testimony taken on February 23, 2012.

## ORDER

**WHEREFORE**, based upon these findings of fact and conclusions of law, this court **ORDERS**:

1. That Plaintiff EEOC's [hereinafter EEOC] Motion to Compel Discovery (docket no. 34) is **GRANTED**;

2. That Plaintiff EEOC's Second Motion to Compel Discovery (docket no. 43) is **GRANTED**;

8

3. That Plaintiff EEOC's Third Motion to Compel Discovery (docket no. 53) is **GRANTED**;

4. That Defendants' Motion for Protective Order (docket no. 36) is **DENIED**;

5. That Plaintiff EEOC's Plaintiff EEOC's Fourth Motion to Compel Discovery and Request for Expedited Ruling (docket no. 62) is **GRANTED**;

6. That Defendants shall provide full, complete, and non-evasive responses and/or supplemental responses to the discovery at issue in Plaintiff EEOC's Motions (docket nos. 34, 43, 53, and 62) listed above on or before **June 29, 2012**. Failure by Defendants to respond to Plaintiff EEOC's Request for Admissions 22-25 on or before **June 29, 2012,** shall result in such Admissions being deemed admitted. Defendants' supplemental responses to Plaintiff EEOC's Interrogatories Nos. 18 and 19 shall be limited in scope consistent with Mr. Moreland's deposition testimony taken on February 23, 2012; and

7. That each party pay their own attorney fees and costs [reasonable expenses] for these motions (docket nos. 34,36, 43, 53, and 62) since I find that an award of reasonable expenses would be unjust under the facts and circumstances of this case. See Fed. R. Civ. P. 37 (d)(1)(B)(3).

9

Done this 19th day of June 2012.

BY THE COURT

S/ Michael J. Watanabe
MICHAEL J. WATANABE
U.S. MAGISTRATE JUDGE