IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge R. Brooke Jackson

Civil Action No. 11-cv-1512-RBJ-MJW

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,

     Plaintiff,

v.

MORELAND AUTO GROUP, LLLP,
KIDS' FINANCIAL, INC., d/b/a/ C.A.R. FINANCE,
KIDS' AUTOMOTIVE, INC., and
BRANDON FINANCIAL, INC.

     Defendants.

---

## ORDER

---

This matter is before the Court on defendant Brandon Financial, Inc.'s Motion for Summary Judgment [#47] and defendant Moreland Auto Group, LLLP's Motion for Summary Judgment [#49].  In a previous order the Court deferred ruling on the motions until several discovery disputes were resolved [#81].  Those discovery disputes have been ruled on and accordingly, the EEOC filed their Response [#100].  Pursuant to previous court orders [##90, 102] defendants' reply was due on July 16, 2012.  Neither Brandon Financial nor Moreland Auto Group filed a reply.  The matter is therefore fully briefed and ripe for review.  The Court also addresses other pending motions at the conclusion of this order.

### Facts and Procedural History

This matter is a public enforcement action brought by the Equal Employment Opportunity Commission ("EEOC") under Title VII of the Civil Rights Act of 1964 and Title I

of the Civil Rights Act of 1991 to provide relief to Charging Party Lucille Fancher.  Complaint [#1] at 1.[1]

On November 17, 2008 Ms. Fancher filed an EEOC charge alleging that she was terminated in retaliation for her opposition to discrimination and her participation in prior EEOC charges.  *Id.* at ¶71.  The EEOC alleges that the defendants, as part of a single employer or integrated enterprise, "retaliated against Ms. Fancher by terminating her employment because she participated as a class member in the settlement of a prior EEOC enforcement action to correct unlawful employment practices consisting of a sexually hostile work environment and retaliation."  *Id.* at 1.

On April 13, 2012 defendants Brandon Financial and Moreland Auto filed separate motions for summary judgment. [##47, 49].

**Conclusions**

Moreland Auto Group, LLLP ("Moreland Auto Group") and Brandon Financial, Inc. ("Brandon Financial") both argue that the EEOC has pled insufficient facts to demonstrate that they are part of an "integrated enterprise" with defendants Kids' Financial, Inc. and Kids' Automotive.  Because neither Moreland Auto Group nor Brandon Financial were Ms. Fancher's direct employer in June 2008, defendants argue that the Court must grant summary judgment on the claims asserted against them unless the EEOC can demonstrate that defendants were part of an "integrated enterprise."  *See Bristol v. Bd. of Cnty Comm'rs*, 312 F.3d 1213, 1218 (10th Cir. 2002).  Therefore, the crux of the Court's inquiry on summary judgment is whether the EEOC has demonstrated that a reasonable jury could find that defendants are part of an integrated enterprise.

---

[1] A more thorough recitation of the facts of this case can be found in the Court's June 18, 2012 Order. [#81].

Due to the delayed briefing schedule caused by the parties' discovery disputes, the Court must now look to the defendants' motions for summary judgment on the eve of trial.  For the sake of brevity, and in the interest of judicial economy, the Court will only briefly describe its reasoning.  The Court finds that there are genuine issues of material fact in dispute, preventing summary judgment, for the following reasons:

The EEOC has demonstrated that a jury could find that defendants are an integrated enterprise based on the four factors of the integrated-enterprise or "single employer" test.[2]  To determine whether nominally separate entities should be treated as an integrated enterprise the Court looks to four factors:  "(1) interrelations of operation; (2) common management; (3) centralized control of labor relations; and (4) common ownership and financial control."  *Bristol*, 312 F.3d at 1220; *Radio & Television Broadcast Technicians Local Union 1264 v. Broadcast Service of Mobile, Inc.*, 380 U.S. 255, 256 (1965).  The Tenth Circuit has reasoned that "the heart of the inquiry is whether there is an absence of an arm's-length relationship among the companies."  *Knowlton v. Teltrust Phones, Inc.* 189 F.3d 1177, 1184 (10th Cir. 1999).

Moreland Auto Group and Brandon Financial focus their motions for summary judgment almost exclusively on the third element of the test: centralized control of labor relations.  Although the third factor is often considered the "most important," each factor should be considered, as no single factor is determinative.  *See Bristol*, 312 F.3d at 1220; *see also Knowlton*, 189 F.3d at 1184.  However, given that Moreland Auto Group and Brandon Financial are primarily concerned with the third element, the Court will likewise direct its' inquiry there.

---

[2] Moreland Auto Group and Brandon Financial appear to conflate the "single-employer" test with the elements and focus of the "joint employer" test.  Given the facts of this case, and the Court's interpretation of the EEOC's argument, I find that the "single employer" test is applicable here and the Court will analyze defendants' argument under those factors.

To demonstrate centralized control of labor relations, the EEOC must show more than just a broad general policy statement regarding employment matters. *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1363 (10th Cir. 1993) (citing *Wood v. Southern Bell Tel. & Tel. Co.,* 725 F. Supp. 1244, 1249 (N.D. Ga. 1989)). The Tenth Circuit has stated that to satisfy this prong, "a parent must control the day-to-day employment decisions of the subsidiary. *Id.* In the current case, the defendant entities are not in a parent-subsidiary posture, but rather are alleged to all be related entities connected to Mr. Moreland. Nonetheless, to satisfy this prong the EEOC must present evidence of Moreland Auto Group and Brandon Financial's involvement in approving hiring decisions and personnel policies.

Moreland Auto Group and Brandon Financial allege that they both had no involvement in hiring decisions and were not directly involved in any employment decisions or labor relations, let alone Ms. Fancher's employment or the decision to terminate her. Defendants further allege that Mr. Moreland was not involved in human resources or any labor aspects of the business. In contrast, the EEOC contends that Doug Moreland and Cynthia Carlheim effectively controlled the human resource aspects of all the Moreland-owned entities.

In her deposition, Ms. Carlheim testified that she is only an accountant and was hired to "oversee the accounting practices and make sure that the handbooks are up to date." [#100-27] at 89:19-20. However, Ms. Carlheim's own testimony demonstrates that her job extends beyond mere accounting. She also testified that it was her job to make sure that everybody was "correctly handled." *Id.* at 89:22-23. This included whether employees were paid and categorized correctly. *Id.* at 90:1-4. Ms. Carlheim also dealt with employees when they were hired and when they had positive drug tests. *Id.* at 94:16-20. Ms. Carlheim clarifies procedures for general managers and dealerships in Colorado, including drug and tardiness policies. *Id.* at

111:1-17.  Ms. Carlheim also created and distributed employee handbooks that are titled

"Moreland Auto Group" to each individual dealership.  *Id.* at 43:8-14.  Ms. Carlheim and her

assistant Karen Henry created and revised personnel policies for the Moreland Auto Group.

Although the cover pages reflected the different corporation names, the substance of the

handbooks are nearly identical.  *See* Exhibits [#100-10; 14;15].  Ms. Fancher received the

"Moreland Group Employee Handbook."  [#100-23]. Ms. Carlheim is listed as the contact person

for questions about policy, violations of the integrity policy, and sexual harassment claims.  *Id.* at

74:9.  Ms. Carlheim also handles "issues of hourly versus salary, exempt versus non-exempt,

whether people are entitled to overtime."  *Id.* at 56:11-14.

The EEOC also presents deposition testimony indicating that although Mr. Moreland did

not typically get involved with the daily operations of his dealerships, he did not hesitate to get

involved in personnel matters if he needed to.  Harris Depo [#100-30] at 199:5-20.  Phil Harris,

general manager of Kids' Financial, testified "Can [Mr. Moreland] walk into any store and order

somebody around?  Yes.  Does he? I don't think a lot of them have seen him in years."  *Id.* at

204:10-12.  Mr. Moreland also created an "Employee Transfer Policy" that enabled employees to

transfer from dealership to dealership. Moreland Depo. [#100-33] at 97:24-25; 98:1-9.  The

transfer policy states that it can only be altered by Doug Moreland.  *Id.* at 98:17-19; [#100-16].

Mr. Moreland also overrode a manager's transfer decision on at least one occasion.  *Id.* at

103:10-17.  Although Mr. Moreland testified that he does not use it, he does have the authority as

president to hire, fire, and promote.  *Id.* at 141:5-23.

The Court finds the evidence presented on this prong to be sufficient to defeat summary

judgment.  Briefly, the Court also finds that the other factors have been sufficiently met to

withstand a summary judgment motion.  First, the EEOC has presented evidence that the

5

operations of the defendant entities are interrelated.  Kids' Financial, Kids' Auto, and Brandon

Financial are all located on the same property, rented from Moreland Properties, LLC.  Lease

payments are sent directly to Mr. Moreland's home.  The management team consisting of Mr.

Moreland, Cindy Carlheim, and Don Janikowski is common among the entities.  The minute

books for all of the entities owned by Mr. Moreland are held in Ms. Carlheim's office.  All

meetings take place at Grand Auto.  Second, there is evidence of common management.  The

management team of Brandon Financial, Kids' Auto, and Kids' Financial are identical.  Doug

Moreland is the President and Manager of all entities.  Finally, as discussed, the same individuals

own and control the finances of the Moreland-owned entities.  Mr. Moreland owns 40% of

Moreland Auto Group, and each of his four children own 15%.  Mr. Moreland and his children

own 90% of Brandon Financial, Kids' Auto and Kids' Financial, with Phil Harris owning the

remaining 10%.  Mr. Moreland receives monthly financial statement for all entities.

The purpose of the single-employer test is the requirement that "there be sufficient

indicia of an interrelationship between the immediate corporate employer and the affiliated

corporation to justify the belief on the part of an aggrieved employee that the affiliated

corporation is jointly responsible for the acts of the immediate employer."  *Lockard v. Pizza Hut,*

*Inc.,* 162 F.3d 1062, 1070 (10th Cir. 1998) (quoting *Armbruster v. Quinn*, 711 F.2d 1332, 1337

(6th Cir. 1983)).  Here, the EEOC has demonstrated that there are sufficient indicia of an

interrelationship among the defendant corporations.  Considering all four factors together, the

Court finds that the EEOC has presented enough evidence that a reasonable jury could find that

the defendant corporations operate as an "integrated entity."

<u>Pending Motions</u>

The Court notes that there are three motions before the Court that remain pending: EEOC's First Motion in Limine [#89], EEOC's Motion for Sanctions [#95], and EEOC's Motion to Quash and for Protective Order [#97]. Defendants have not filed responses to any of these motions. The trial of this case, previously scheduled to begin on July 23, 2012, has been delayed to a July 25, 2012 start. Nevertheless, the normal response time will run either immediately before, during or after the trial. Therefore, this Court orders defendants to file their responses, if they wish to submit any, by the close of business on Monday, July 23, 2012. With or without defendants' responses, the Court will rule on the three pending motions on Tuesday, July 24, 2012.

**Order**

Therefore, the Court orders the following:

- Defendant Brandon Financial, Inc.'s Motion for Summary Judgment [#47] is DENIED.

- Defendant Moreland Auto Group, LLLP's Motion for Summary Judgment [#49] is DENIED.

DATED this 20th day of July, 2012.

BY THE COURT:

_____
R. Brooke Jackson
United States District Judge