IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable R. Brooke Jackson

Civil Action No. 11-cv-1512-RBJ-MJW

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,

     Plaintiff,

v.

MORELAND AUTO GROUP, LLLP,
KIDS' FINANCIAL, INC., d/b/a/ C.A.R. FINANCE,
KIDS' AUTOMOTIVE, INC., and
BRANDON FINANCIAL, INC.

     Defendants.

---

## ORDER

---

This matter is before the Court on the EEOC's "First Motion in Limine" [#89], the

EEOC's Motion for Sanctions [#95], and the EEOC's Motion to Quash and for Protective Order

[#97]. Due to the approaching trial date the Court gave defendants until close of business on

Monday, July 23, 2012 to file any responses. On July 23, 2012, defendants filed a response to the

EEOC's Motion to Quash and for Protective Order [#113] and Motion for Sanctions [#114].

Defendants also filed two motions in response to the EEOC's First Motion in Limine:

Defendants' Motion in Limine to Exclude the Testimony of Magistrate Judge Mix [#111] and

Motion to Quash Subpoena Issued to Magistrate Judge Mix [#112].

Magistrate Judge Mix's Testimony

     The EEOC asks the Court affirmatively to rule that the testimony of Magistrate Judge

Kristen L. Mix is both relevant and admissible [#89]. Specifically, the EEOC requests that

Magistrate Judge Mix be allowed to testify on a minute order entered in the prior EEOC

enforcement action (*EEOC v. Moreland Auto Group LLP*, 06-cv-01903-EWN-KLM), and an

email sent in the course of settlement issues concerning that case.  The EEOC argues that such

testimony and the information included in the email are necessary to establish that Ms. Fancher's

termination was done in retaliation for her participation in the previous EEOC action.

In response to the EEOC's motion, the defendants filed two motions of their own asking

the Court to exclude Magistrate Judge Mix's testimony [#111] and requesting an order quashing

the subpoena issued to Magistrate Judge Mix [#112].  Defendants argue that (1) allowing

Magistrate Judge Mix to testify would "contravene important policies of confidentiality," (2)

Magistrate Judge Mix's testimony would confuse the jury, and (3) Magistrate Judge Mix's

testimony is collateral to the primary issues in this case.

The Court is not persuaded that Magistrate Judge Mix's testimony would confuse the

jury, and the Court also does not believe that the issue on which the EEOC seeks to offer

Magistrate Judge Mix's testimony, evidence of retaliation, is "inapposite to the consideration in

the case."  Nor is the Court convinced at this point that Rule 408 of the Federal Rules of

Evidence necessarily bars Magistrate Judge Mix's testimony.

Nonetheless, at this time the Court will deny the EEOC's motion in limine [#89].

However, if during his testimony Mr. Harris denies that he made the statements that are

referenced in Magistrate Mix's E-mail, the Court will consider whether to permit the EEOC to

call Magistrate Judge Mix to impeach or rebut that testimony.  Since there is a possibility that the

Court will permit Magistrate Judge Mix to testify the Court will also deny defendants' motions

[##111, 112].

Motion for Sanctions [#95]

The EEOC brings a motion for sanctions based on defendants' failure to answer interrogatories and requests for production, in violation of the Court's orders.  *See* [#82].  The EEOC argues that the information defendants omitted is necessary for the EEOC to fully demonstrate the defendants' integrated enterprise.

In their response [#114] defendants dispute that they have failed to provide the outstanding discovery information.  Defendants only specifically address Interrogatories 22 and 25 and Request for Admission 22-25 in their response.  In their motion the EEOC contends that the defendants failed to provide Interrogatories 9, 11, 12, 13, 14, 15, 17, and Request for Production 7.  Defendants do not specifically address these omissions but instead state that they have proposed a stipulation to the EEOC regarding the net worth of the entities in the integrated enterprise.  The defendants state that the Court will be asked to review the proposed stipulation and the other discovery requests prior to jury selection.

Although the Court finds the defendants' behavior frustrating at best, it does not agree with the EEOC that the proper sanction at this time is to rule that the defendants constitute an integrated enterprise for the purpose of this case.  Such a determination is best left to the jury.  Likewise, if the EEOC has in fact received the requested information and has reached a stipulation as to net worth, there will also be need for a sanction in the form of an adverse jury instruction.

If, however, the Court is not convinced that the defendants have provided forthright and complete responses and have reached an appropriate stipulation, the Court will not hesitate to impose an adverse jury instruction pursuant to Fed. R. Civ. P. 37(b)(2).  Such an instruction might state, for example:

Moreland Auto Group, LLP, Kids' Financial Inc., Kids Automotive, Inc., and Brandon Financial have failed to give the EEOC evidence within its exclusive control that is relevant and material to the determination of whether the defendant entities constituted a single employer.  Therefore, in determining whether the four entities were a single employer and whether to include all three entities' employees in your calculation of the number of employees, you may presume that the evidence that the defendants did not provide would have weighed against the defendants and in favor of the EEOC.

*See Knowlton v. Teltrust Phones*, 189 F.3d at 1183 (upholding such a jury instruction).

Therefore, at this time the Court will deny the EEOC's motion for sanctions [#95], but will entertain further argument on this issue prior to jury selection.

<u>EEOC's Motion to Quash and for Protective Order [#97]</u>

The EEOC seeks to quash the defendant's subpoena to the Custodian of Records at Best Car Buys.  The EEOC argues that defendants are seeking to obtain discovery after the discovery deadline has run.  Defendants, in response, argue that Ms. Fancher's records are relevant to the issues of back-pay, mitigation, and credibility.  Defendants further argue that there is no rule that prevents the use of a subpoena duces tecum, and there is not surprise because the question of back-pay and mitigation of damages is at issue.

At this time the Court will deny the EEOC's motion to quash.  However, the Custodian of Records is directed to provide all documents to the Court on the morning of trial, and at that time the Court will consider further argument regarding relevance and any potential prejudice, before the records are released to the parties.

**Order**

Accordingly, the Court orders the following:  The

- EEOC's First Motion in Limine [#89] is DENIED.

- Defendants' First Motion in Limine [#111] is DENIED.

- Defendants' First Motion to Quash [#112] is DENIED.

- EEOC's Motion for Sanctions [#95] is DENIED.

- EEOC's Motion to Quash [#97] is DENIED.

DATED this 24th day of July, 2012.

BY THE COURT:

_____
R. Brooke Jackson
United States District Judge