UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-01512-RBJ-MJW

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,

Plaintiff,

v.

MORELAND AUTO GROUP, LLLP,
KIDS' FINANCIAL, INC. dba C.A.R. FINANCE,
KIDS' AUTOMOTIVE, INC., and
BRANDON FINANCIAL, INC.,

Defendants.

---

**CONSENT DECREE**

---

## I. RECITALS

**1.** This matter was instituted by Plaintiff, Equal Employment Opportunity Commission ("Commission" or "Plaintiff" or "EEOC"), an agency of the United States government, alleging that Defendants, Moreland Auto Group, LLLP ("MAG"), Kids' Financial, Inc., d/b/a C.A.R. Finance ("C.A.R. Finance"), Kids' Automotive, Inc. ("Kids' Auto"), and Brandon Financial, Inc. ("Brandon"), retaliated against Charging Party Lucille Fancher by terminating her employment on June 3, 2008, because she participated as a class member in the settlement of a prior EEOC enforcement action,

*EEOC v. Moreland Auto Group, LLP, d/b/a Kids' Automotive, Inc., Kids' Financial, Inc., and Brandon Financial, Inc.*, 06-cv-01903-EWN-KLM ("*Moreland I*")

**2.** The Parties signatory hereto are the Plaintiff EEOC, and Defendants Kids' Auto, C.A.R. Finance and Brandon.

**3.** The Parties, desiring to settle this action by an appropriate Consent Decree ("Decree"), agree to the jurisdiction of this Court over the Parties and the subject matter of this action, and agree to the power of this Court to enter a Consent Decree enforceable against Defendant.

**4.** As to the issues resolved, this Decree is final and binding upon the Parties, their successors, and assigns.

**5.** For the purpose of amicably resolving disputed claims, the Parties jointly request this Court to adjudge as follows:

**IT IS ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:**

## II. JURISDICTION

**6.** The Parties stipulate to the jurisdiction of the Court over the Parties and subject matter of this action, and waive the entry of findings of fact and conclusions of law.

## III. TERM AND SCOPE

**7.** **Term:** The duration of this Decree shall be two (2) years from the date of signing by the Court.

**8.** **Scope:** The terms of this Decree shall apply to Defendants Kids' Auto, C.A.R. Finance and Brandon.

## IV. ISSUES RESOLVED

**9.** This Decree resolves the claims alleged in the above-captioned lawsuit, and constitutes a complete resolution of all of the Commission's claims of unlawful employment practices under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, *et seq*. ("Title VII"), that arise from Charge of Discrimination Number 541-2009-00672, filed by Lucille Fancher ("Fancher").

**10.** Defendants and their officers, agents, employees, successors, and all other persons in active concert or participation with any of them will not interfere with the relief herein ordered, but shall cooperate in the implementation of this Decree.

## V. MONETARY RELIEF

**11.** To resolve these claims, Defendants shall pay a total of fifty thousand dollars and no cents ($50,000.00), allocated as compensatory damages. No taxes shall be withheld from the compensatory damages amount. Defendants shall issue Fancher an IRS Form 1099 for the amount.

**12.** The payment required under this Decree shall be made payable to "Lucille Fancher" and mailed or hand-delivered to Fancher at the address provided by the EEOC within ten (10) calendar days after the Court's entry of the Decree.

**13.** Within three (3) business days after payments are mailed or hand-delivered to Fancher, Defendants shall submit to the EEOC copies of the checks issued.

## VI. OTHER INDIVIDUAL RELIEF

**14.** To the extent necessary, Defendants shall expunge from Fancher's personnel files (a) any and all references to the allegations of discrimination filed against

Defendants that formed the basis of this action and/or *Moreland I*; (b) any and all references to Fancher's participation in this action and/or *Moreland I*; and (c) any and all documents that refer, make reference to, or relate to any alleged performance deficiencies documented after Fancher participated as a class member in *Moreland I*.

**15.** Further, Defendants will provide a positive letter of reference in the form attached as Exhibit 2.

## VII. EQUITABLE RELIEF

### *A. Injunctive Relief*

**16.** Defendants, their officers, agents, successors, and other persons in active concert or participation with them, or any of them, are enjoined from engaging in reprisal or retaliation of any kind against any person because of such person's opposition to any practice made unlawful under Title VII, the Americans with Disabilities Act, the Age Discrimination in Employment Act, the Equal Pay Act, or the Genetic Information Nondiscrimination Act. Defendants shall not retaliate against a person because such person brings an internal complaint of discrimination with any of the Defendants; because such person files or causes to be filed a charge of discrimination with the Commission, or whose statements serve as the basis of a charge; or because such person testifies or participates in the investigation or prosecution of an alleged violation of any of these statutes. Defendants shall not retaliate in any manner against individuals identified as witnesses in this action or who assisted in the investigation giving rise to this action. Nor shall Defendants retaliate against any such persons

identified as a witness or possible witnesses of discrimination in future investigations or proceedings.

***B. EEO Policy Review***

**17.** Within sixty (60) calendar days of the entry of this Decree, Defendants shall, in consultation with an outside consultant experienced in the area of employment discrimination law ("Consultant"), review its existing EEO policies to conform with the law and revise, if necessary.

**18.** The written EEO policies must include at a minimum:

**18.1.** A strong and clear commitment to preventing unlawful retaliation;

**18.2.** A clear and complete definition of unlawful retaliation;

**18.3.** A statement that retaliation is prohibited and will not be tolerated;

**18.4.** A clear and strong encouragement of persons who believe they have been retaliated against to report such concerns;

**18.5.** The identification of specific individuals, with telephone numbers, to whom employees can report their concerns about retaliation;

**18.6.** An assurance that Defendants will investigate allegations of unlawful retaliation promptly, fairly, reasonably, and effectively, using appropriate investigators, and that appropriate corrective action will be taken by Defendants to make victims whole and to eradicate the unlawful conduct;

**18.7.** A description of the consequences, up to and including termination, that will be imposed upon violators of Defendants' anti-retaliation policies;

**18.8.** A promise of maximum feasible confidentiality for persons who report unlawful retaliation, or who participate in an investigation into allegations of retaliation; and

**18.9.** An assurance of non-retaliation for persons who report unlawful retaliation, and for witnesses.

**19.** The written EEO policies, reviewed and revised under Paragraphs 17 and 18 above, shall be posted in a prominent location frequented by employees, at Defendants' facilities in Colorado and distributed to each current employee within thirty (30) calendar days of the Court's entry of the Decree. The written EEO policies shall be distributed to all new employees when hired. Defendants shall make the written EEO policies available in alternative formats as necessary for persons with cognitive and print disabilities that may prevent them from reading the policies. Alternative formats will include but not be limited to an audiotape format.

**20.** Defendants shall promptly, reasonably, and appropriately investigate all reports or complaints of retaliation. The investigation must include at a minimum the following: (a) a finding of whether retaliation occurred; (b) a credibility assessment as appropriate; (c) interviews of all potential victims and witnesses identified, including the individual(s) alleged to have participated in or condoned the unlawful conduct; and (d) contemporaneous notes of the investigation, as appropriate. Defendants shall take immediate appropriate corrective action to make retaliation victims whole, to discipline violators, and to eradicate the unlawful conduct, as appropriate.

**21.** Defendants shall not retain documents related to the investigation in any complainant's personnel files. All disciplinary actions taken against employees for violation of Defendants' anti-retaliation policy will be retained in the violator's personnel file. In those cases in which no conclusion could be reached on the allegations, the investigation documents shall remain in the alleged violator's file.

***C. Training***

**22.** At least annually, Defendants shall provide EEO training for all its employees. Under this provision, employees will be trained at a minimum in the following areas: (a) Defendants' policy and procedures for reporting alleged retaliation; (b) understanding the kind of conduct which may constitute unlawful retaliation; (c) the penalties of engaging in retaliatory behavior; and (d) Defendants' non-retaliation policy. All training under this Paragraph 25 shall be at Defendants' selection and expense. Training may be by live presentation, on-line interactive training, and/or computer training, or a combination of the foregoing. The training will be conducted as follows:

**22.1. Non-managerial Employees:** Defendants will provide non-managerial employees at least six (6), fifteen-minute (15-minute), manager-led bi-monthly meetings at each of its locations. Attendance will be mandatory for every employee on the days of such training. At least four (4) of these meetings will focus on retaliation. Additionally, any individual who is charged with conducting training under this Paragraph will first be trained under Paragraph 25.4 below.

**22.2. Managerial and Supervisory Employees**: Defendants will require all individuals who work in a managerial or supervisory capacity, including the

owners and all who have firing authority, to receive at least four (4) hours of training annually regarding Title VII and other federal anti-discrimination laws. Two (2) of the four (4) hours must directly address retaliation, and one (1) of the four (4) hours must be instruction in the proper methods of receiving, communicating, investigating (where applicable), and ameliorating retaliation. Defendants shall emphasize with managerial and supervisorial employees that, because of their position of power, such employees must be particularly vigilant not to retaliate; that they must to be sensitive of how their actions or words might be perceived by subordinate employees; and that they must avoid the temptation to retaliate if a report or complaint is made, or might be made, against them. Additionally, Defendants will require employees newly hired or promoted into a managerial or supervisory position to complete the requisite one (1) hour of report/complaint-handling training and one (1) hour of retaliation-related training within twenty calendar (20) days of being hired or promoted. The training under this Paragraph must be provided by outside vendors.

**22.3. Human Resource Employees:** Defendants will require all individuals who work in a human resource capacity to receive at least ten (10) hours of training annually regarding Title VII and other federal anti-discrimination laws. Two (2) of the ten (10) hours must directly address retaliation, and at least two (2) hours of the ten (10) hours must be instruction in the proper methods of receiving, communicating, investigating (where applicable), and ameliorating retaliation, including the proper procedures for documenting and preserving

evidence of retaliation, archiving the corporation's investigation of reports/complaints, as well as detailing the consequences and result of the investigation where retaliation is found. Additionally, Defendants will require employees newly hired or promoted into a human resource position to complete two (2) hours of general EEO training within thirty (30) calendar days of being hired or promoted into a human resource position. The training under this Paragraph must be provided by outside vendors

**22.4. Train the Trainers:** Any manager or human resources employee with responsibility for training other employees under Paragraph 25.1 above will be provided three (3) additional hours of training on the materials to be presented and the proper techniques for teaching the materials. The training under this Paragraph must be provided by outside vendors

**22.5. Training on Investigative Techniques:** All employees with responsibility for responding to or investigating reports/complaints of discrimination and/or retaliation shall be provided ten (10) additional hours of annual training instructing on accepted professional standards for receiving and investigating reports/complaints of discrimination and/or retaliation, including such matters as witness interview techniques, other evidence-gathering techniques, maintaining investigative notes and records, legal analysis of the evidence, and methods for eliminating and ameliorating violations of anti-discrimination or anti-retaliation law. The training under this Paragraph must be provided by outside vendors

**23.** Defendants agree that the first such training session for each employee group identified in Paragraph 22 above will take place within sixty (60) calendar days after the Court's entry of this Decree. Defendant agrees that all personnel shall both register and attend the training sessions.

**24.** The Commission, at its discretion, may designate one or more Commission representatives to attend any of the training sessions described above, and the Commission representatives shall have the right to attend, observe, and fully participate in all of the sessions. Defendants shall provide the Commission with thirty (30) calendar days notice that a training session will be conducted.

***D. Notice Posting***

**25.** Within five (5) business days after the Court's entry of this Decree, Defendants shall post in each of its facilities in Colorado, in a conspicuous place frequented by employees, the Notice attached as Exhibit 1 to this Decree. The Notice shall be the same type, style, and size as set forth in Exhibit 1. The Notice shall remain posted for the duration of this Decree. If the Notice becomes defaced or illegible, Defendants will replace it with a clean copy. Defendants shall certify to the Commission, in writing, within ten (10) business days of entry of this Decree that the Notice has been properly posted and shall provide recertification in each of the semi-annual reports required under the Reporting provisions of this Decree.

***E. EEO Compliance as a Component of Management Evaluation***

**26.** Defendants shall, within sixty (60) calendar days of the entry of this Decree, and continuously for at least the duration of this Decree, develop and implement a

management evaluation and compensation system which includes EEO compliance, compliance with policies and laws prohibiting retaliation, and compliance with this Decree as factors which shall be used to evaluate all managerial employees responsible for Defendants' facilities in Colorado. Defendants shall also, within sixty (60) calendar days of the Court's entry of this Decree, and continuously for at least the duration of this Decree, advise managerial officials of Defendants that the amount of monetary bonuses these managers may be eligible for during the duration of this Decree are subject to reductions based on established non-compliance with EEO policies and procedures, policies and laws prohibiting retaliation, and this Decree.

## VIII. Record Keeping and Reporting Provisions

**27.** For the duration of this Decree, Defendants shall maintain all records concerning implementation of this Decree, including all of the following:

**27.1.** Personnel files;

**27.2.** Payroll records; and

**27.3.** Reports and complaints of discrimination and retaliation, and records documenting investigation of such reports/complaints, including witness statements, documents compiled, findings, and remedial steps.

**28.** The Commission shall have the right to interview any personnel employed by Defendants for the purpose of determining Defendants' compliance with the terms of this Decree. To ensure the free flow of information and that all conversations remain confidential, Defendants are not entitled to have a representative present at the interview of non-managerial employees.

**29.** Defendants shall provide semi-annual reports for each twelve (12)-month period following the entry of the Decree. The reports shall be due thirty (30) days following the respective six (6)-month period, except the final report which shall be submitted to the Commission four (4) weeks prior to the date on which the Consent Decree is to expire.

**30.** **Reporting Requirements:** Each report shall provide the following information:

**30.1. Reports of Discrimination**

**30.1.1.** For purposes of this Paragraph, the term "report of discrimination" will include any written or verbal complaint which alleges discrimination in violation of Title VII, or the witnessing of such discrimination, the suffering or witnessing of conduct which a supervisor or manager recognizes as presenting an allegation of such discrimination, even if such terminology is not used by the reporter/ complainant. The report will include:

a. The name, address and telephone number of each person making a report/complaint of discrimination to any of the Defendants or to any federal, state, or local government agency.

b. The name, address and telephone number of each person identified as a potential witness to the incident of discrimination.

c. A brief summary of each report/complaint, including the date of the report/complaint, the name of the individual(s) who allegedly engaged in the discriminatory conduct, Defendants' investigation and response to the

report/complaint, the name of the person who investigated or responded to the report/complaint, and what, if any resolution was reached; and

d. Copies of all documents memorializing or referring to the report/ complaint, investigation, and/or resolution thereof.

**30.2. Reports/Complaints of Retaliation**

**30.2.1.** For purposes of this Paragraph, the term "complaint of retaliation" will include any written or verbal complaint which alleges retaliation for activity that is protected under Title VII or alleges retaliation for conduct which Defendants recognize as protected activity under Title VII even if the reporter/complainant does not use such terminology. The report shall include:

a. The name, address and telephone number of each person making a report/complaint of retaliation to any of the Defendants or to any federal, state, or local government agency.

b. The name, address and telephone number of each person identified as a potential witness to the incident of retaliation.

c. A brief summary of each report/complaint, including the date of the report/complaint, the name of the individual(s) who allegedly engaged in the retaliatory conduct, Defendants' investigation and response to the report/complaint, the name of the person who investigated or responded to the report/complaint, and what, if any resolution was reached; and

d. Copies of all documents memorializing or referring to the report/ complaint, investigation, and/or resolution thereof.

**30.2.2. Training**

**30.2.3.** For each training program required under Paragraphs 22 and 23 and conducted during the reporting period, Defendants shall submit a registry of attendance.

**30.2.4.** For each training program required under Paragraphs 22 and 23 and completed during the reporting period, Defendants shall provide a certificate of completion.

**30.2.5.** For each training program conducted, Defendants will provide the following information: (a) a detailed program agenda; (b) copies of all training material provided to or utilized by the trainers; (c) the name of each trainer and a summary of his or her qualifications.

**30.3. Posting of Notice**: Defendant shall recertify to the Commission that the Notice required to be posted under Section 25 of this Decree has remained posted during the reporting period, or, if removed, was promptly replaced.

**30.4. Policy Review**: Defendants shall report on the status of the EEO policy review process required under Paragraphs 17 and18 above.

## IX. RETENTION OF JURISDICTION AND ENFORCEMENT OF DECREE

**31.** This Court shall retain jurisdiction of this cause of action for purposes of compliance with this Decree and entry of such further orders or modifications as may be necessary or appropriate to effectuate equal employment opportunities for employees.

**32.** There is no private right of action to enforce Defendants' obligations under the Decree, and only the Commission or its successors or assigns may enforce compliance herewith.

**33.** The Commission may petition this Court for compliance with this Decree at any time during which this Court maintains jurisdiction over this action. Should the Court determine that Defendants have not complied with this Decree, appropriate relief, including extension of this Decree for such period as may be necessary to remedy its non-compliance, may be ordered.

**34.** Absent extension, this Decree shall expire by its own terms at the end of two (2) years from the date of entry without further action by the Parties.

## X. EEOC AUTHORITY

**35.** With respect to matters or charges outside the scope of this Decree, this Decree shall in no way limit the powers of the Commission to seek to eliminate employment practices or acts made unlawful by any of the statutes over which the EEOC has enforcement authority, and do not arise out of the claims asserted in this lawsuit.

## XI. COSTS AND ATTORNEY'S FEES

**36.** Each party shall be responsible for and shall pay its own costs and attorney's fees.

## XII. NOTICE

**37.** Unless otherwise indicated, any notice, report, or communication required under the provisions of this Decree shall be sent by certified mail, postage prepaid, as follows

Supervisory Trial Attorney
EEOC Denver Field Office
303 E. 17th Avenue, Suite 410
Denver, CO 80203

Philip Harris
6870 S. Emporia Street
Centennial, CO 80122

## XIII. SIGNATURES

**38.** The parties agree to the entry of this Decree subject to final approval by the Court.

SO ORDERED this 31st day of July, 2012.

BY THE COURT:

____________________________________
United States District Judge

BY CONSENT:

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

By: ____________________________
Mary Jo O'Neill
Regional Attorney

Date: ____________________________

KIDS' FINANCIAL, INC.

By: ____________________________
Philip Harris
Vice President

Date: ____________________________

KIDS' AUTOMOTIVE, INC.

By: ______________________________
Philip Harris
Vice President

Date: ______________________________

BRANDON FINANCIAL, INC.

By: ______________________________
Philip Harris
Vice President

Date: ______________________________

APPROVED AS TO FORM:

______________________________
D. Andrew Winston
Senior Trial Attorney
EEOC Denver Field Office
303 E. 17th Avenue, Suite 410
Denver, CO 80203

Attorneys for Plaintiff EEOC

______________________________
Timothy L. Nemechek, Esq.
NEMECHEK & MAGRUDER, LLC
50 S. Steele Street, Suite 755
Denver, CO 80209

Attorneys for Defendants

EXHIBIT 1

**ATTACHMENT A**

**NOTICE**

The following notice is being posted pursuant to the terms of a Consent Decree reached between the Parties in *EEOC v. Moreland Auto Group, LLLP, Kids' Financial, Inc., d/b/a C.A.R. Finance, Kids' Automotive, Inc., and Brandon Financial, Inc.*, filed in the United States District Court for the District of Colorado, Civil Action No. 11-cv-01512-RBJ-KLM.

Defendants wish to emphasize their fundamental policy of providing equal employment opportunity in all of their operations and in all areas of employment practices. Defendants seek to ensure that there shall be no discrimination against any employee or applicant for employment on the grounds of race, color, religion, sex, pregnancy, national origin, age or disability. This policy extends to insurance benefits and all other terms, conditions and privileges of employment.

Pursuant to federal law, it is unlawful for any employer to retaliate against an employee because he or she has requested reasonable accommodation for disability or religion, opposed discriminatory employment practices, or because he or she has filed a charge of discrimination with any municipal, state or federal equal employment opportunity agency, or because he or she has participated in an investigation of a charge of discrimination.

Defendants respect the right of its employees and applicants for employment to work in an environment free from discrimination and retaliation. Accordingly, Defendants reaffirm their commitment to complying with the strictures of federal law, in that it is our policy to prohibit all discrimination and retaliation.

Any employee who believes that he/she has suffered discrimination on the basis of age, race, color, religion, sex, pregnancy, national origin, or disability, has the right to contact the EEOC directly at 1-800-669-4000. In compliance with federal law, no official with the Defendants will retaliate against an employee who makes an internal complaint of discrimination or who contacts the EEOC or its state counterpart.

This Notice shall remain posted for the term of two (2) years.

Kids' Financial, Inc., d/b/a C.A.R. Finance
Kids' Automotive, Inc.
Brandon Financial, Inc.

By:__________________________________ ____________________
Date

EXHIBIT 2

[Insert Date]

[Insert Name]
[Insert Address]

Re: Lucille Fancher.

Dear [Insert Name]:

We employed Ms. Fancher from 1998 until June 3, 2008, when Ms. Fancher resigned for personal reasons. The last position Ms. Fancher held was __________________, and her last rate of pay was $________ per hour.

Sincerely,

[Insert Name]
[Insert Title]